# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14CR00010-20 |
| v. | **OPINION** |
| **BRANDI MARIE DUNFORD,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Brandi Marie Dunford, Pro Se Defendant.*

The defendant Brandi Marie Dunford, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. After reviewing the record, I deny the motion as untimely filed.

I.

I entered Dunford's criminal judgment on February 26, 2015, sentencing her to 60 months' incarceration after Dunford, with counsel, pleaded guilty to conspiring to manufacture and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Dunford did not appeal.

Dunford commenced this collateral attack no earlier than September 12, 2016. The court conditionally the § 2255 motion, advised her, *inter alia*, that the collateral attack appeared to be untimely, and gave her the opportunity to explain why the court should consider the § 2255 motion to be timely filed. Dunford argues that Amendment 794 to the United States Sentencing Guidelines makes the collateral attack timely filed.

## II.

Federal inmates in custody may attack the validity of their federal sentences by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Dunford's criminal judgment became final in March 2015 when the time expired to appeal to the Court of Appeals for the Fourth Circuit. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Dunford had until March 2016 to timely file a § 2255 motion, but she did not commence this collateral attack until September 2016.

Dunford argues that her motion is timely filed within one year of Amendment 794, which became effective on November 1, 2015. Consequently, Petitioner believes she had until November 1, 2016, to file the § 2255 motion. However, Amendment 794 does not trigger a limitations period in § 2255(f)(1)-(3), and an amendment to a sentencing guideline is not a "fact" that triggers § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014) (recognizing changes in law do not constitute a "fact" under § 2255(f)(4)). Thus, Dunford fails to establish that the limitations period runs from the effective date of Amendment 794, and Dunford filed the § 2255 motion more than one year after her conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

- 3 -

Case 1:14-cr-00010-JPJ-RSB   Document 906   Filed 11/21/16   Page 3 of 4   Pageid#: 5894

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing her rights diligently, and . . . some extraordinary circumstance stood in [the] way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Dunford pursued her rights diligently or that an extraordinary circumstance prevented her from filing a timely § 2255 motion. *See, e.g., United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, Dunford is not entitled to equitable tolling, and the § 2255 motion must be denied as untimely filed.

### III.

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence is denied. A separate Final Order will be entered herewith.

DATED: November 21, 2016

/s/ James P. Jones
United States District Judge